IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| M.S. WHOLESALE PLUMBING, INC. on behalf of itself and all other entities and persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN FINANCIAL, LLC d/b/a COMMUNITY BANK CAPITAL and JOHN DOES 1-10, Intending to refer to those persons, corporations Or other legal entities that acted as agents, Consultants, independent contractors or Representatives <br><br> Defendants. | CASE NO. 58CV-2015-442 <br> JURY DEMAND |

## CLASS ACTION COMPLAINT

COMES Now M.S. WHOLESALE PLUMBING, INC., on behalf of itself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants, Western Financial, LLC d/b/a Community Bank Capital, and John Does 1-10 and would respectfully show the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff M.S. Wholesale Plumbing, Inc. is an Arkansas company whose business activity is pipe supply and is located at 1500 S Knoxville Ave, Russellville, AR 72802-6408. Hereinafter, M.S. Wholesale Plumbing will be referred to as "Representative Plaintiff."

1

2. Defendant Western Financial, LLC d/b/a Community Bank Capital (hereinafter, "Western") is California Corporate Entity with an address of 1403 N. Batavia St., #203, ORANGE, CA 92867, with a website of www.westernfin.com and www.communitybankcap.org.

3. Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representative of Western and/or who assisted Western in creating, publishing, broadcasting and faxing the document received on the fax machine by Representative Plaintiff whose identities at this time are unknown but will be substituted by amendment when ascertained.

4. The claims of the class of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

5. This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 et seq. This Court has jurisdiction over the Defendants because at all relevant times, they conducted business in Arkansas.

6. Venue is proper in this County pursuant to Ark. Code Ann. §16-55-213, et seq., in that the Plaintiff is has its principal place of business in and does conduct business in this County.

## FACTUAL ALLEGATIONS

7. The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227 was last amended in 1994.

8. In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

2

9. In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

10. As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." (47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).)

11. Paragraph (3) of 47 U.S.C. § 227(b) provides:

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

12. Representative Plaintiff has, and at all relevant times had, telephone service at 479-968-8659 at its offices located at 1500 S Knoxville Ave, Russellville, AR 72802-6408 in Pope County, Arkansas. Representative Plaintiff receives facsimile transmissions ("faxes") at that number, using a telephone facsimile machine ("fax machine").

13. On or about September 15, 2015, Representative Plaintiff received on its fax machine a fax transmission advertising Western's "FINANCING FOR EQUIPMENT AND WORKING CAPITAL BUSINESS LOANS" listing interest rates and loan terms and giving contact information for an alleged individual named "Gene Peterson, Vice President", with an email address of gene.peterson@communitybankcap.com, and a phone number of 804-402-2061.

14. The fax has a website address of communitybankcap.com, but no mailing address.

15. The fax received by Representative Plaintiff from Western on or about September 15, 2015 was wholly unsolicited. A true and correct copy of this fax advertisement is attached hereto as Exhibit A.

16. Representative Plaintiff does not have any business relationship with Western.

17. Exhibit A does not contain an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv).

18. Exhibit A does not contain an Opt-Out Notice stating that sender's failure to comply within 30 days to a request to stop sending such faxes is unlawful.

19. Exhibit A does not contain a fax number to which the opt-out request can be sent as required by 47 C.F.R. 64.1200(a)(4)(iii)(D).

20. Exhibit A lists an email address, but it is never identified as an option to be used by a recipient to send an opt-out request to the sender of the advertisement.

21. Exhibit A does not list a mailing address in the Opt-Out Notice or anywhere in the fax that is identified as an option to be used by a recipient to send an opt-out request to the sender of the advertisement.

22. Defendants, and/or its employees and/or its agents, created Exhibit A and had the capability to control the contents thereof.

23. Defendants, and/or its employees and/or its agents, determined the fax telephone numbers to which Exhibit A was sent to the Representative Plaintiff and other recipients.

24. Upon information and belief, Defendants sent fax transmissions of Exhibit A to hundreds, if not thousands, of telephone facsimile machines located in Arkansas and other States offering their services.

25. Said transmissions of Exhibit A were made for the purpose of advertising the commercial availability of goods and services available from Defendants.

26. Representative Plaintiff further alleges that in each instance Defendants did so willfully or knowingly.

27. Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit unsolicited advertisements to telephone facsimile machines (by, for example, knowing that the transmitted faxes were advertisements or participating in preparing their content, providing or obtaining the fax telephone number of Representative Plaintiff or other recipients, and knowing that Plaintiff or other recipients had not authorized the faxes' transmission by prior express invitation or permission).

28. Western was issued a California Finance Lender License on January 26, 2011. Upon information and belief, Western lost its license as of April 14, 2015.

29. When one contacts the phone number on the fax, the employee answers "Community Bank Capital." The employee then tells the caller that the company will be sending a credit form from Wester Financial, which is their "parent company." Upon information and belief, Western simply uses the fictitious name "Community Bank Capital" to conduct the illegal activity described herein.

30. There are complaints on the internet for people receiving junk faxes from Western. A sample set of complaints from 800Notes.com[1] follows:

   a) "Big fat scam again. Fake company with a fake check for 56715.00 saying my business is pre approved for financing. NEVER call the removal number because you are verifying your fax number to these criminals. they then sell it to other fax scam criminals and you get more scams."

   b) "We keep getting faxes from this scam company. Wasting our paper and ink!"

   c) "Junk fax advertising a pre-approved cash advance scam. Bogus "removal" number listed is 888-261-0363. Calling that number only confirms that you have a working number and will get you tons more of these faxes."

   d) "And another one of these junk faxes, identical to my previous one."

31. Representative Plaintiff therefore alleges that Defendants violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

## CLASS ACTION REGARDING SIMILARLY SITUATED PLAINTIFFS

32. Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of a Class of individuals defined as follows:

   All persons, natural or otherwise, in the United States and its territories who received one or more unsolicited facsimile transmissions from Western advertising goods and services for a commercial purpose with content which contains one or more of the deficiencies identified in paragraphs 17-21 herein during the period from October 19, 2011 through the date of final judgment in this matter.

33. Excluded from the Class are: (1) Western and any entity in which Western has a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together

---

[1] http://800notes.com/Phone.aspx/1-800-989-4098

6

with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

34. Upon information and belief, Representative Plaintiff alleges that noncompliant facsimile advertisements sent on behalf of the Defendants to advertise their products and services have been transmitted to hundreds, if not thousands, of telephone facsimile machines in Arkansas and, presumably, other states through an intentional and persistent course of conduct. Each such transmission constitutes a separate violation of the TCPA. Because the Class members are dispersed and are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and to the Court.

35. Representative Plaintiff's claims are typical of the claims of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited facsimile advertisement from Western advertising goods and services for a commercial purpose during the proposed Class Period.

36. The factual and legal bases of Western's misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

37. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

   i. Whether Western had a business practice of sending unsolicited facsimile advertisements for its commercial goods and services in violation of the TCPA;

  .    .

    ii.    Whether the unsolicited facsimile advertisements sent by Western contained an Opt-Out Notice that complies with the requirements of 47 C.F.R. 64.1200(a)(4)(iii) and (iv);

    iii.    Whether Western harmed Representative Plaintiff and the Class;

    iv.    Whether Representative Plaintiff and the Class are entitled to compensatory damages and, if so, in what amount;

    v.    Whether Representative Plaintiff and the Class are entitled to additional statutory damages and, if so, in what amount; and

    vi.    Whether Representative Plaintiff and the Class are entitled to equitable and/or injunctive relief.

38.    Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Western and the relief sought is common.

39.    The Class is ascertainable, as the Class is defined using objective criteria and Class Members who received unsolicited facsimile advertisements from Western are easily identifiable based on existing telephone records.

40.    Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of nationwide class actions.

41.    Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

**COUNT 1**
**VIOLATIONS OF 47 USC §227 AND C.F.R. § 64.1200**

42.    Representative Plaintiff realleges and incorporates Paragraphs 1 through 41 above as if fully set forth herein.

43. The TCPA requires that all persons who send advertisements to fax machines must include an Opt-Out Notice fully compliant with FCC regulations enacted pursuant to the TCPA found at 47 C.F.R. 64.1200(a)(3)(iii) and (iv).

44. As a result of the foregoing, any members of the proposed Class who received a facsimile from Defendants that did not include a fully compliant Opt-Out Notice are entitled to $500.00 in damages for each fax transmission in violation of the TCPA pursuant to 47 U.S.C.§227(b)(3)(B).

## COUNT 2
## TREBLE DAMAGES

45. Representative Plaintiff realleges and incorporates Paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants' actions willfully or knowingly violated the Telephone Consumer Protection Act.

47. As a result of the foregoing, the Court may, in its discretion, increase the amount of the statutory damages up to an amount equal to $1,500.00 per TCPA violation pursuant to 47 U.S.C.§227(b)(3)(C).

48. The Court should use its discretion to increase the amount of statutory damages to an amount equal to $1,500.00 per TCPA violation due to the Defendants' willful or knowing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. That the court enter an Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as class action claims set forth regarding Counts 1, 2 and 3 as provided by Ark. R. Civ. P. 23;

b.  Pursuant to Count 1, that the Court enter judgment in favor of Representative Plaintiff and the proposed Class against Defendants, in an amount of $500.00 for each fax transmission in violation of the Telephone Consumer Protection Act;

c.  Pursuant to Count 2, that the Court find that Defendants willfully or knowingly violated the Telephone Consumer Protection Act and increase the statutory damages against the Defendants to a total of $1,500.00 for each and every fax transmission in violation of the Telephone Consumer Protection Act;

d.  Trial by jury as to all issues so triable;

e.  That the Representative Plaintiff and the members of the proposed Class be awarded their fees, costs, pre and post judgment interest, and that they be granted such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

_/s/ Alex G. Streett_
Alex G. Streett (65038)
James A. Streett (2007092)
STREETT LAW FIRM, P.A.
107 West Main
Russellville, AR 72801
(479) 968-2030
Alex@StreettLaw.com
James@StreettLaw.com

Joe P. Leniski, Jr. (TN Bar No. 22891)(PHV)
BRANSTETTER, STRANCH &
JENNINGS, PLLC
227 2nd Avenue North, 4th Floor
Nashville, TN 37201
(615) 254-8801
jleniski@branstetterlaw.com

Attorneys for Plaintiff



# COMMUNITYBANKCAP.COM

Bill Srygley
M S Wholesale Plumbing Inc
1500 S Knoxville Ave
Russellville, AR 72802

## FINANCING FOR EQUIPMENT AND WORKING CAPITAL BUSINESS LOANS

Bill

I just wanted to follow up with you quickly to see if you were looking to add any more equipment or vehicles in the next 60 days or if you had any working capital needs. Our rates right now start at 4% for equipment financing and 6.99% for working capital, so if you would like to move forward let me know and we will get it funded asap. **As a reminder, we have working capital loans with terms as long as 5 years with fixed monthly payments**

Best,

Gene Peterson
Vice President
(804) 402-2061
gene.peterson@communitybankcap.com

To be permanently removed from the list, call 800-882-3998