IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

| | |
|---|---|
| M.S. WHOLESALE PLUMBING, INC. on behalf of itself and all other entities and persons similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO. 58CV-15-442<br>JURY DEMAND |
| vs. ) ) | |
| WESTERN FINANCIAL, LLC individually and d/b/a COMMUNITY BANK CAPITAL, also d/b/a COLONIAL FINANCE and also d/b/a other fictious names; WESTFAX, INC; and JOHN DOES 1-10, intending to refer to those persons, corporations r other legal entities that acted as agents, Consultants, independent contractors or Representatives of the named Defendants. ) ) ) ) ) ) ) ) ) ) | FILED<br>2019 JUN 27 PM 1:24<br>POPE COUNTY CIRCUIT CLERK |
| Defendants. ) ) | |
| vs. ) ) | |
| WELLS FARGO BANK, N.A. ) ) | |
| Garnishee ) | |

**SPECIFIC JUDGMENT AGAINST BANK GARNISHEE PURSUANT TO
<u>ARKANSAS CODE ANNOTATED §16-110-406</u>**

Comes now the above styled case for hearing as ordered and scheduled by this Court in its General Judgment against Bank Garnishee Wells Fargo Bank, N.A. filed on May 20, 2019 and served upon Bank Garnishee Wells Fargo Bank, N.A.'s registered agent on May 21, 2019 as evidenced by the licensed process server affidavit filed of record in this matter. As clearly set forth in the Court's General Judgment of May 20, 2019, Wells Fargo Bank, N.A. was put on notice that this evidentiary hearing was set by the Court for purposes of considering and adjudicating the specific amount of the Judgment to be entered against Wells Fargo Bank, N.A. pursuant to directives of Arkansas Code Annotated 16-110-406.

The Plaintiffs Class appeared by and through its court appointed class counsel James

A. Streett of the Streett Law Firm, P.A., and Wells Fargo Bank, N.A. refused to appear either individually on its own behalf much less, as required by Arkansas law, through duly designated legal counsel admitted to practice under the laws in this State. After reviewing the file to again ascertain that Wells Fargo Bank, N.A. had been duly served with a copy of this Court's General Judgment setting the instant evidentiary hearing and alerting Wells Fargo Bank, N.A. to the serious nature of both this hearing and of Wells Fargo Bank N.A.'s continued refusal to comply with Arkansas garnishment law, the Court continued the matter to the end of its docket to ensure Wells Fargo Bank, N.A. had ample time to appear at this important evidentiary hearing of which it had been on notice for over a month.

Wells Fargo Bank, N.A. refused to appear and, to date, despite the Court's admonishments in its General Judgment dated May 20, 2019, has continued to refuse to file an Answer to this Court's April 16th writ of garnishment in any legally cognizable or verified form or otherwise appear in this case at all through a duly licensed attorney as required by Arkansas Law. Upon close scrutiny of the record before this Court, the discovery properly served on Wells Fargo Bank, N.A. on May 21, 2019 to which Wells Fargo Bank, N.A. has refused to respond, the arguments and exhibits submitted by the Court Appointed Class Counsel this day, and specifically the Requests for Admission filed with this Court on May 21, 2019 and properly served on Wells Fargo Bank, N.A. by process server on May 21, 2019 to which Wells Fargo Bank, N.A. has refused to file a response, the Court hereby finds, for the reasons stated from the bench this day which are hereby incorporated by reference as if set forth word for word, as follows:

    1.      Pursuant to Arkansas Code Annotated 16-110-406, the Court has convened a hearing this date to take evidence as directed by the statute on the specific

        amount of the judgment to be awarded against Wells Fargo Bank, N.A., and Wells Fargo Bank, N.A. has failed and refused to respond or appear.

2. The Court finds that the Requests for Admissions filed with this Court and properly served on Wells Fargo Bank, N.A. pursuant to this Court's directive to its Court Appointed Class Counsel in the Court's May 20, 2019 General Judgment were and are hereby found to be deemed admitted by virtue of Wells Fargo Bank, N.A.'s refusal to respond to the same in the time, manner, and form required by Arkansas Law or otherwise.

3. Accordingly, based on the evidence before this Court, and with full understanding of this serious nature of the instant findings, but also the equally serious nature and directives of Arkansas law and the Arkansas Rules of Civil Procedure which Wells Fargo Bank, N.A. has continued to ignore, despite this Court's admonishments, at its own peril, the Court hereby finds (i.) Wells Fargo Bank, N.A. was, on April 18, 2019, properly served with the Writ of Garnishment issued by this Court on April 16, 2019, and (ii.) that at the time Wells Fargo Bank, N.A. was served with the forgoing Writ of Garnishment it held money, goods, chattels, credits, effects, real property or personal property belonging to Westfax, Inc. in the amount of $22,444,163.84, and (iii.) that Wells Fargo Bank, N.A. is liable to the Plaintiffs' Class pursuant to Arkansas Code Annotated 16-110-406 in the amount of $22,444,163.84.

**IT IS THERFORE ORDERED, DECREED, AND ADJUDGED THAT,** Judgment is hereby entered in favor of the Plaintiff Class against Wells Fargo Bank, N.A. in the amount of $22,444,163.84 with post-judgment interest to accrue at the statutory rate provided for by

Arkansas Law. The Court orders that should any of this judgment be collected by the Certified Plaintiffs' Class, the Court's Appointed Class Counsel shall strictly maintain such funds in its IOLTA trust account and promptly file a proposed distribution plan for such funds to be distributed to the Class, as well as an application for Class Counsel's fees and expenses, for this Court's review and consideration.

**IT IS SO ORDERED.**

*Dennis C. Sutterfield*
HON. DENNIS C. SUTTERFIELD
CIRCUIT COURT JUDGE
DATE: 06/27/19